UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LJUBA PAVLOV AND
BESMA SAMI,

        Plaintiffs,                              Case No. 17-cv-11987
vs.                                               HON. MARK A. GOLDSMITH

JEFF SESSIONS, et al.,

        Defendants.
_____/

## ORDER DISMISSING CASE

On April 10, 2019, the Court entered an order to show cause (Dkt. 20) why this case should not be dismissed for lack of jurisdiction to grant the requested relief in light of the Sixth Circuit's decision in Hamama v. Adducci, 912 F.3d 869 (6th Cir. 2018). Plaintiffs filed a response to the Court's order (Dkt. 21) and the Government filed a reply to Plaintiffs' brief (Dkt. 22). For the reasons discussed below, the Court must dismiss this case.

                                I.       BACKGROUND

As noted in the Court's previous order, Plaintiffs Ljuba Pavlov and Besma Sami filed this putative class action for declaratory and injunctive relief seeking to enjoin the United States Immigration and Customs Enforcement ("ICE") from enforcing final orders of removal of their spouses to Iraq. This case arises from the ongoing removal efforts by ICE to repatriate Iraqi nationals who have been subject to final orders of removal for, as here, more than a decade. Compl. ¶¶ 44, 49 (Dkt. 1). On June 17, 2017, ICE took Besma Sami's spouse, Mohanad Sami, into custody to repatriate him to Iraq. Compl. ¶ 27. Ljuba Pavlov's spouse was not taken into custody, but she says that her family lives in daily fear of her husband, Wisam Yacoub, being detained. Id. ¶¶ 28,

47. Plaintiffs allege that "Defendants' actions will destroy [their] families, widowing spouses and orphaning children in violation of Plaintiffs' Constitutional rights." Id. ¶ 11. They allege that Defendants have violated both their procedural and substantive due process rights under the Fifth Amendment. Id. ¶¶ 66-77.

This case is a companion case to another matter pending before this Court, Hamama v. Adducci, No. 17-cv-11910 (E.D. Mich., filed June 15, 2017), which was brought by those who are subject to the final orders of removal—including Plaintiffs' spouses. On July 24, 2017, in Hamama, this Court issued a preliminary injunction enjoining the removal of Petitioners and the putative class, defined at the time as "any and all Iraqi nationals in the United States who had final orders of removal on June 24, 2017, and who have been, or will be, detained for removal by ICE." Hamama v. Adducci, 261 F. Supp. 3d 820, 841 (E.D. Mich. 2017). The Court ruled that Petitioners' habeas and due process rights entitled them to file motions to reopen in the immigration courts prior to removal. The Government filed a notice of appeal of this ruling on September 21, 2017. Hamama v. Adducci, No. 17-cv-11910 (Dkt. 108).

On January 2, 2018, the Court issued an order granting in part Petitioners' second motion for preliminary injunction, holding that those who are subject to prolonged detention are entitled to a bond hearing in front of an impartial adjudicator, unless the Government proffered individualized evidence that a detainee should not receive a hearing. Hamama v. Adducci, No. 17-cv-11910 (Dkt. 191). The Government filed a notice of appeal of this ruling on March 2, 2018 (Dkt. 247).

The Sixth Circuit subsequently consolidated both appeals, and issued an opinion addressing both the Court's September 21, 2017 and the January 2, 2018 preliminary injunctions.

See Hamama, 912 F.3d at 871. The Sixth Circuit found that this Court lacked jurisdiction to enter the injunctions. Id. at 880.

## II. ANALYSIS

Plaintiffs argue that this Court has jurisdiction to grant their requested relief because this case is distinguishable from the relief sought in Hamama. Pl. Resp. at 3. They contend that "[t]his case was brought on behalf of the United States citizen spouses of persons who happen to be in imminent danger of detainment and deportation. It was not brought on behalf of those who are in danger of being deported." Id. at 5. In other words, Plaintiffs are seeking redress for the alleged violation of their own constitutional rights and compensation for loss of consortium should their spouses be deported. Id. However, regardless of how Plaintiffs couch their claims, they are seeking relief from this Court forbidden by the Sixth Circuit decision in Hamama.

Plaintiffs say that they are not seeking an order preventing the removal of their spouses. Pl. Resp. at 5. But, as the Government rightly points out, that is simply not true:

> Plaintiffs seek the following relief from this Court: (a) assume jurisdiction over this matter; (b) stay the Plaintiffs' spouses and other class members' spouses removal to Iraq until this action is decided; (c) enjoin the government from removing Sami or other class spouses, or detaining and removing Yacoub or other class spouses, without first providing them with an opportunity to establish that, in light of current conditions and the likelihood that they would suffer persecution or torture if removed to Iraq, they are entitled to protection against such removal; (d) order the government to release Sami and other class spouses from detention, absent an individualized determination by an impartial adjudicator that detention is justified based on danger or flight risk, which cannot be sufficiently addressed by alternative conditions of release and/or supervision; (e) in the event that Sami, Yacoub or other class spouses are deported, compensate Plaintiffs and class members for loss of consortium and any other amount permitted under applicable law; and (f) grant such other further relief as is just and equitable.

Id. at 5-6. Other than the loss of consortium component, Plaintiffs are seeking the identical relief that is being sought in Hamama. See Hamama v. Adducci, Case No. 17-11910, Am. Compl. (Dkt. 118), Prayer for Relief ¶¶ A, B, G, & I.

The Sixth Circuit held that this Court does not have jurisdiction to provide the relief Plaintiffs are seeking. Hamama, 912 F.3d 869 at 880. Jurisdiction is lacking because, as noted previously by this Court, 8 U.S.C. § 1252(g) strips district courts of jurisdiction to hear claims related to decisions to execute removal orders, "regardless of whether the challenges might be deemed 'direct' or 'indirect' challenges to the Attorney General's decision to remove." Hamama v. Adducci, 258 F. Supp. 3d 828, 838 (E.D. Mich. 2017), aff'd in part, vacated in part, 912 F.3d 869 (6th Cir. 2018). However, this Court found that, under the extraordinary circumstances presented in Hamama, enforcing § 1252(g) amounted to a suspension of the right to habeas corpus, which the Constitution forbids. Id. at 842. The Sixth Circuit agreed that § 1252(g) strips this Court of jurisdiction, but disagreed that enforcing § 1252(g) violated the Suspension Clause of the Constitution. Hamama, 912 F.3d 869 at 875-877. Therefore, based on the Sixth Circuit's decision, this Court must find that it lacks jurisdiction to provide the relief Plaintiffs are seeking with respect to removal of their spouses.

As for the loss of consortium relief, the Government is correct that the claim is not ripe for adjudication. Gov't Reply at 7. Ripeness is a question of timing. Nat'l Rifle Ass'n of Am. v. Magaw, 132 F.3d 272, 284 (6th Cir. 1997). "Ripeness becomes an issue when a case is anchored in future events that may not occur as anticipated, or at all." Id. (citing Pacific Gas & Elec. Co. v. State Energy Resources Conservation & Dev. Comm'n, 461 U.S. 190, 200-201 (1983)). This case was filed almost three years ago out of concern that Plaintiffs' spouses would be detained and immediately removed to Iraq, thus denying Plaintiffs consortium with their respective spouses. Those concerns, however, have not come to fruition. This case is not simply anchored in future events that may not occur as

4

5

anticipated; it is now known that the events did not occur at all with respect to the named Plaintiffs.  Therefore, Plaintiffs' loss of consortium claim is not ripe for adjudication and must be dismissed.

### III.     CONCLUSION

For the reasons stated above, this matter is dismissed without prejudice as to Plaintiffs' loss of consortium claim, and with prejudice as to all other claims.

SO ORDERED.

Dated:  April 17, 2020                        s/Mark A. Goldsmith
       Detroit, Michigan                MARK A. GOLDSMITH
                                            United States District Judge